947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED UNION OF ROOFERS, WATERPROOFERS & ALLIED TRADES,
LOCAL NO. 40, an unincorporated labor
organization, as agent and on behalf of
its members and bargaining unit employees,
Plaintiffs-Appellants,
v.
THE AMERICAN INSURANCE COMPANY, a corporation, Defendant-Appellee.
 No. 89-15729.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 18, 1990.
Withdrawn from Submission May 23, 1990.
Decided Oct. 31, 1991.
 
 1
 Before FLETCHER and BEEZER, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff/appellant United Union of Roofers, Waterproofers, and Allied Trades, Local No. 40 ("the Union") appeals the district court's order dismissing its action for lack of standing. We affirm.
 
 I. FACTS
 
 4
 In June of 1986, Swinerton & Walberg Company ("Swinerton") entered into a public works contract with the state of California to construct prison facilities in Avenal, California. Swinerton subcontracted part of the work to A-Plus Roofing Company, Inc. ("A-Plus"). The Union provided A-Plus with labor for the project. In compliance with state law, Swinerton filed a payment bond with the state, guaranteeing that workers would be paid in full (up to the value of the bond) should Swinerton or a subcontractor fail to pay proper wages. Defendant American Insurance Company ("American") was surety for this payment bond.
 
 
 5
 The Union alleges that A-Plus paid less than the prevailing wages specified by the public works contract, and sought payment on the bond from American. The Union filed a diversity action on May 25, 1988 and a First Amended Complaint on December 22, 1988. In the First Amended Complaint, the Union sued to recover lost wages owed to its members and lost dues its members would have paid the Union if the members had been paid prevailing wages.
 
 
 6
 American filed a motion to dismiss, arguing (1) plaintiffs had no standing to sue; (2) plaintiffs failed to join a A-Plus as a necessary party under Fed.R.Civ.P. 19; and (3) plaintiffs failed to comply with the notice requirements of California Civil Code § 3091. The district court, relying on the decisions of Judges Henderson[1], Jensen[2] and Vukasin[3] in nearly identical cases where the Union sued on A-Plus payment bonds, issued a brief order on May 4, 1989, which dismissed the plaintiffs with prejudice for lack of standing.
 
 II. DISCUSSION
 A. Union's Associational Standing
 
 7
 For the reasons stated in the related case of United Union of Roofers v. Insurance Corporation of America, 919 F.2d 1398 (9th Cir.1990), we affirm the district court's order dismissing the Union for lack of standing as regards the Union members' lost wages.
 
 B. Union's Direct Standing
 
 8
 The Union also alleges direct harm to itself as an organization, because A-Plus's failure to pay prevailing wage rates caused to Union to "suffer[ ] loss of initiation fees, regular dues and working dues by virtue of its possession of valid dues check-off authorizations." First Amended Complaint p VII. While this is an injury that might allow to Union to state a claim against A-Plus, it is not a claim it may properly assert against the surety of the payment bond. The bond was issued pursuant to California Civil Code § 3248, which requires that payment bonds for public works projects must "inure to the benefit of any of the persons named in Section 3181." The bond itself states that it is activated by the failure to pay "any of the persons named in Civil Code Section 3181." Section 3181 refers to the persons identified in Section 3110 (laborers), Section 3111 (trust funds created by labor agreements), Section 3112 (claimants making site improvements) and Public Contract Code § 4107.7 (hazardous waste contractors). Because the Union does not fit any of these descriptions, it has no standing to sue the surety for its losses.
 
 
 9
 The Union may be able to state a claim against A-Plus for the lost dues. For it to proceed in diversity as it did her, however, would require both a showing that A-Plus is an out-of-state defendant, and that the amount of the lost dues satisfies the jurisdictional amount specified in 28 U.S.C. § 1332.
 
 C. Other Grounds for Dismissal
 
 10
 The district court did not reach the other issues raised by American in its motion to dismiss. Because we agree that Union must be dismissed for lack of standing, we do not address them either.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 United Union of Roofers v. Safeco Insurance Co., No. CV-88-2024-TEH (N.D.Cal. December 15, 1988), aff'd No. 89-15071 (9th Cir., February 14, 1991)
 
 
 [2]
 United Union of Roofers v. Insurance Corp. of America, No. -- (N.D.Cal.), aff'd 919 F.2d 1398 (9th Cir.1990)
 
 
 [3]
 United Union of Roofers v. United Pacific Insurance Co., No. C88-2310-JPV (N.D.Cal. February 28, 1989). United Pacific is a companion to this case